GENET v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO. (two cases).

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

COURT OF APPEALS—CONCLUSIVENESS OF JUDGMENT.

A judgment of the court of appeals construing a contract is conclusive on the lower court in a subsequent action between the same parties in which the question of construction again arises.

Appeal from judgment on report of referee.

Actions by Augusta C. Genet against the president, managers, and company of the Delaware & Hudson Canal Company. From judgments for plaintiff in both actions, both parties appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George C. Genet, for plaintiff.
Frank E. Smith, for defendant.

BARRETT, J. Every question raised by the defendant on its appeals in these actions has been settled in this court. In a case between the same parties with regard to the same subject, all these questions were fully considered at the February term, 1897, and a judgment in favor of the plaintiff affirmed. 14 App. Div. 177, 43 N. Y. Supp. 589. There is just one point of difference between the present case and that referred to, which should be briefly noticed. In the former case, as in this, the defendant pleaded the law of Pennsylvania, and claimed thereunder that the contract between it and the plaintiff operated as a grant or conveyance in fee of all the coal contained within the described tract, as a separate and distinct parcel of land. Upon the trial of the former action, evidence pro and con upon this subject was taken; and the referee found, as matter of fact, that the law of Pennsylvania was not as the defendant had pleaded. In the present case the referee ruled out all evidence as to the law of Pennsylvania, and held that the facts on that head

stated in the defendant's plea constituted no defense. This ruling was, in our judgment, entirely correct. It was in accordance with the law as laid down by our court of last resort in Genet v. Canal Co., 136 N. Y. 593, 32 N. E. 1078. In that case the court of appeals construed this very contract, and held that it did not operate as a conveyance of the coal veins or strata; that its subject-matter was mineral product, not land; and that it was in its nature executory. That interpretation was conclusive upon the referee, and is conclusive upon us. It follows that the judgments upon the defendant's appeals should be affirmed.

The result must be the same upon the plaintiff's appeals. The findings of the learned referee as to what the plaintiff was and was not entitled to recover were amply supported by the evidence, and we concur in the reasons which he gave for his decision upon that head.

The judgments upon all appeals should be affirmed, without costs to either party upon these appeals. All concur.